WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Gerardo Rojas, | No. CV-16-00509-TUC-CKJ |
| Petitioner, | **ORDER** |
| v. | |
| J.T. Shartle, Warden, | |
| Respondent. | |

On May 16, 2017, Magistrate Judge Eric J. Markovich issued a Report and Recommendation ("R&R") (Doc. 15) in which he recommended this Court grant Respondent's Motion to Dismiss (Doc. 9) and dismiss Petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (Doc. 1). Judge Markovich determined that this Court does not have jurisdiction over the matter because Petitioner cannot show he is afforded relief under the savings clause of 28 U.S.C. § 2255(e). The Court agrees with the Magistrate Judge's evaluation, and will grant Respondent's Motion to Dismiss.

*Standard of Review*

The standard of review applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the Court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). The statute does not "require [] some lesser review by [this Court] when no objections are filed." *Thomas*, 474 U.S. at 149-50. Rather, this Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Id*. at 149.

There being no objection by the parties, the Court adopts the Magistrate Judge's recommendation to substitute J.T. Shartle, Warden, as Respondent for "Warden, USP-Tucson" pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and Rule 43(c)(2) of the Federal Rules of Appellate Procedure.

Also, Petitioner has not objected to the Magistrate Judge's recommendation that the Court may not exercise jurisdiction over the petition simply because Petitioner lacked counsel in his initial § 2255 proceeding. After review, the Court adopts the Magistrate Judge's determination as to this issue.

Furthermore, since there are no objections to the Magistrate Judge's rendering of the procedural and factual history, the Court adopts those recitations.

- ***Factual and Procedural History***

On June 8, 2006, a federal jury in South Dakota found Petitioner guilty of four counts of aggravated sexual assault of a minor and two counts of assault on a minor leading to substantial bodily injury. (Doc. 1-2 at 3-4.) Petitioner was sentenced to life imprisonment. (*Id*. at 4.)

Petitioner appealed to the Eighth Circuit, challenging the calculation of his sentence under the U.S. Sentencing Guidelines, arguing there was not sufficient evidence to convict, and asking for a new trial because one of the victims later recanted her testimony. *United States v. Rojas*, 520 F.3d 876, 885-86 (8th Cir. 2008). The Eighth Circuit remanded the case for an evidentiary hearing only as to the issue of the recantation. (*Id*.) The District Court of South Dakota conducted an evidentiary hearing, but denied the motion for new trial. (Doc. 1-2 at 4.) Petitioner did not seek review by the Supreme Court. (*Id*.)

On March 16, 2009, Petitioner filed his first § 2255 motion *pro se.* A South Dakota District Judge denied Plaintiff's motion to vacate on all assertions of ineffective assistance of trial counsel other than the allegation that Petitioner received ineffective assistance because counsel did not attempt to admit taped interviews of the victims to show the interviewer was impermissibly suggestive. *Rojas v. United States*, 2009 WL 3764011, *4 (D. S.D. Nov. 9, 2009). After referral and review by a Magistrate Judge, the District Judge adopted the Magistrate Judge's recommendation to deny the motion. *Rojas v. United States*, 2010 WL 1443559 (D. S.D. Apr. 9, 2010).

On September 26, 2011, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in the District of South Dakota. *Rojas v. Apker*, No. 3:11-CV-11-3018-CBK (D. S.D.) at Doc. 1. The petition alleged ineffective assistance of trial counsel, cruel and unusual punishment, and actual innocence. *Id*. The District Court denied Petitioner's motion, stating that the claims had been previously raised and ruled upon, and Petitioner had not shown his first § 2255 petition was an inadequate remedy. (Doc. 9-1 at 2-3.) The Eighth Circuit affirmed the District Court's decision, agreeing that Petitioner had not demonstrated a § 2255 petition was an inadequate or ineffective remedy. *Rojas v. Apker,* 470 F.App'x. 522, 523 (8th Cir. 2012) (unpublished).

On August 4, 2016, Petitioner—presently confined to the United States Penitentiary-Tucson—again filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, this time in the District of Arizona. (Doc. 1) Petitioner acknowledges that in order to seek relief under § 2241, he must prove that his first § 2255 filing was an inadequate or ineffective remedy under the escape hatch provision of § 2255(e). Petitioner does not argue his first § 2255 petition was ineffective or inadequate, instead he claims the Court should nonetheless exercise jurisdiction over this matter because (1) the escape hatch provision is unconstitutionally vague, and (2) his remedy under § 2255 was inadequate because he submitted his initial § 2255 petition *pro se*. (Doc. 1-2 at 6-10.) In addition, Petitioner raises issues of ineffective assistance of appellate counsel and structural error committed by the Court of Appeals. (Doc. 1 at 7-8.)

The petition was referred to Magistrate Judge Eric J. Markovich. Judge Markovich issued an R&R, denying relief. (Doc. 15.) Petitioner filed Objections to the Report and Recommendation (Doc. 18) arguing only that (1) the Ninth Circuit has not addressed whether the savings clause is unconstitutionally vague, and (2) the Eleventh Circuit's case law in *McCarthan v. Director of Goodwill Industry-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) shows there is a deep uncertainty over the application of the escape hatch provision. (*Id*. at 3.) Respondent countered, stating that Petitioner has not shown the savings clause is vague. (Doc. 19 at 2-4.) He has not supported his ability to raise his argument with precedential law, and recent case law supporting a circuit split is an outlier. (*Id.* at 4.) Respondent also argued that the savings clause is not subject to challenge because it is a jurisdictional scheme, not criminal. (*Id*. at 4.) Finally Respondent states that even if the Court found the savings clause unconstitutional, it would not grant relief for Petitioner. (*Id*. at 5.)

### *Availability of § 2241 Relief Under "Escape Hatch" or "Savings Clause"*

A federal prisoner may challenge the constitutionality of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Harrison v. Ollison,* 519 F.3d 952, 954 (9th Cir. 2008). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). "There is an exception, however, set forth in § 2255: A federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Harrison*, 519 F.3d at 956. This remedy is referred to as either the "savings clause" or "escape hatch" provision. *Id.*

This exception is limited, however, and a petition does not qualify under the escape hatch simply because a petitioner is prevented from filing successive § 2255 petitions. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *Lorentson v. Hood*, 223

F.3d 950, 953 (9th Cir. 2000). The burden of presenting evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner. *Redfield v. United States,* 315 F.2d 76, 83 (9th Cir. 1963).

In the Ninth Circuit, the filing of a § 2241 petition is permitted under the escape hatch despite a restriction on successive § 2255 petitions when "petitioner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (quoting *Stephens v. Herrera,* 464 F.3d 895, 898 (9th Cir. 2006).

First, to determine actual innocence for the purposes of a § 2241 habeas motion, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* In addition, "[a] petitioner is actually innocent when he was convicted for conduct not prohibited by law." *United States v. Avery*, 719 F.3d 1080, 1085 (9th Cir. 2013) (quoting *Alaimalo*, 645 F.3d 1047).

Second, to determine whether petitioner had an "unobstructed procedural shot," the Ninth Circuit evaluates, "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy v. Pontesso*, 328 F.3d 1057, 1060-61 (9th Cir. 2006)).

Petitioner makes no claim that his ability to seek relief under § 2241 is because he is actually innocent of his convicted offenses. Nor does Petitioner allege a fundamental change in the law prevented him from having an unobstructed procedural shot at raising his claim. The Court, therefore, does not have jurisdiction to hear Petitioner's claim under the Ninth Circuit's established savings clause case law.

Instead, Petitioner argues that § 2255's savings clause is unconstitutionally vague, and therefore in and of itself an inadequate measure of relief. (Doc. 1-2 at 6-7.) Petitioner claims the savings clause should not be applied in his petition under § 2241, and he should be permitted to proceed with his claim in this Court. (*Id.*)

- *Unconstitutionally Vague*

Rojas claims that the Court should find the escape clause unconstitutional because the problems in the savings clause are identical to the problems addressed in the Supreme Court's findings in *Johnson v. United States*, 135 S.Ct. 2551, 2260 (2015). Assumedly, Petitioner means that the application of vagueness doctrine is identical, not the facts, since *Johnson* dealt with the residual clause of the Armed Career Criminal Act, not the procedural qualifications under the § 2255 savings clause. In support of this assertion, Plaintiff points to a discord between circuits discussed in Eleventh Circuit case law. *Wofford v. Scott*, 177 F.3d 1236, 1241 (11th Cir. 1999); *Bryant v. Warden FCC-Coleman Medium*, 738 F.3d, 1253, 1279 (11th Cir. 2013).

The Magistrate Judge determined that the savings clause is not unconstitutionally vague, and that circuit courts were uniform in permitting successive habeas petitions under § 2241 when two factors are present: "actual innocence and retroactivity of a decision that materially changed the law subsequent to a prisoner's direct appeal and first § 2255 motion." (Doc. 15 at 7) (citing *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001) (internal quotations omitted).[1]

The Court agrees that the factors for determining vagueness described in *Johnson* are generally applicable here. In *Johnson*, the Supreme Court determined that a challenge to a statute as unconstitutionally vague must show "[the statute] . . . [is] so standardless that it invites arbitrary enforcement." *Johnson*, 135 S.Ct. at 2260. "'[T]he failure of persistent efforts . . . to establish a standard' can provide evidence of vagueness." *Id*. (quoting *United States v. L. Cohen Grocery Co.*, 255 U.S. 81, 91 (1921).

  o *Circuit Split in Application of Savings Clause*

Although the Court concurs with the Magistrate Judge that the statute it not overly vague, there are clearly different tests the circuit courts apply in deciding when a § 2255 petition is inadequate or ineffective, permitting a successive challenge under § 2241.

Circuit courts have traditionally taken three positions when determining whether a

---

[1] The Magistrate Judge erroneously cited *Reyes-Requena* as being from the Ninth Circuit, when in fact it is a Fifth Circuit opinion.

claim falls under the savings clause: the constitutional test, the unobstructed procedural shot test, and the test applied by the Ninth Circuit—the novelty test. Recently, the Eleventh Circuit's opinion in *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir 2017) established a fourth test, which the Court will call the strict statutory interpretation test.

The first three tests, though detailed differently, fundamentally apply the same concepts. The fourth is an outlier, and severely limits the availability of habeas petitions under § 2241.

- o *Constitutional Test*

First, the Second and Third Circuits have interpreted the "inadequate or ineffective" remedy to apply if denying the appeal would raise serious constitutional concerns. This test, though not as specific, encompasses the principles shared by the Ninth Circuit, in that "[s]ection 2255 is inadequate or ineffective to test the legality of detention in a case where the gatekeeping provisions bar a successive petitioner who can allege actual innocence of the crime of which he was convicted and who, at the time of his earlier petition(s), could not demonstrate that innocence." *In re Dorsainvil,* 119 F.3d 245, 252-53 (3rd Cir. 1999) (internal quotations omitted); *see also Triestman v. United States*, 124 F.3d 361, 380 (2nd Cir. 1997) (failing to permit petitioner to file successive § 2255 when petitioner could now demonstrate innocence after change in law "would raise serious questions as to the constitutional validity of the AEDPA's amendments to § 2255").

- o *Unobstructed Procedural Shot Test*

A second but similar measurement used in the Fifth and Seventh Circuits—the unobstructed procedural shot test—also applies actual innocence and retroactivity. However, under the unobstructed procedural shot test, a collateral challenge is permissible only when established circuit court or Supreme Court precedent foreclosed raising the claims in the first § 2255 petition. This test requires that the law was "was firmly against [the petitioner]" at the time of filing the first § 2255 petition. *In re*

*Davenport,* 147 F3d 605, 610 (7th Cir. 1998); *Reyes-Requena,* 243 F.3d at 893.

- ***Novelty Test***

The third test, employed by the Ninth Circuit, is broader than the unobstructed procedural shot. Like that test, the novelty test allows a petitioner to file a petition under § 2241 when prior circuit or Supreme Court precedent was firmly against the petitioner. *Harrison v. Ollison*, 519 F.3d at 960. But the novelty test also finds a petitioner's first motion for relief is ineffective or inadequate if petitioner did not raise an issue that was novel or unsupported by case law in the first § 2255 petition. *Id*. Under this test, the court considers "(1) whether the legal basis for the petitioner's claim 'did not arise until he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Id.* (quoting *Ivy,* 328 F.3d at 1060-61).

As demonstrated, all three tests have fundamental similarities: actual innocence and retroactive change in law. However, the Eleventh Circuit's newly-established test strays from this scheme, severely limiting a petitioner's ability to file a successive habeas under § 2241.

- ***Strict Statutory Interpretation Test***

In March of this year, the Eleventh Circuit overturned its own precedent, when the court in *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.* found that a petitioner may only qualify under the savings clause if he was absolutely prohibited from raising his claim in his first § 2255. 851 F.3d at 1086-87. The *McCarthan* court's interpretation of the savings clause does not consider whether case law—by the Circuit or Supreme Court—foreclosed the issue at the time of the petition, nor does it evaluate whether there was a subsequent change in law which rendered the defendant innocent of the conviction. *Id*. Although an outlier, the *McCarthan* court drew much of its analysis from the Tenth Circuit's decision in *Prost v. Anderson*, 636 F.3d 578, 584-85 (10th Cir. 2011). The court in *Prost* rejected both the novelty and unobstructed procedural shot tests, by comprehensively analyzing the history and text of § 2255. In an opinion written

by then-Circuit Judge Neil Gorsuch, the court found that Congress was capable of including the challenges to actual innocence and retroactivity in the savings clause but did not, therefore the Tenth Circuit should not permit successive petitions in these instances. *Id*. at 586-87. Furthermore, Congress could have allowed successive § 2255 petitions for challenges to statutory changes in the law made retroactive, but chose to only include constitutional changes. *Id* at 589. The court also emphasized the need for finality in sentencing. *Id*. It determined that these considerations prevailed against a petitioner who was able but failed to raise an issue in a first § 2255 petition—regardless of the support of existing case law. *Id*. And while the court did state that there may be instances where the limits on successive § 2255 petitions may raise serious constitutional questions, the court declined to elaborate on the circumstances in which this might occur. *Id.* at 594.

Petitioner's examples demonstrate some differences by circuit courts in applying the savings clause, but do not meet the grave uncertainty described by the Supreme Court in *Johnson*. For example, they establish neither "repeated attempts and failures to craft a principled and objective standard" nor "pervasive disagreement about the nature of the inquiry one is supposed to conduct and the kinds of factors one is supposed to consider." *See Johnson*, 135 S.Ct. at 2260. Although how courts articulate the elements of a valid claim under the savings clause differ, for most circuits the fundamental elements remain. "The standards that these courts have articulated for the [escape hatch] may not be framed in identical terms, but the following basic features are evident in most formulations: actual innocence and retroactivity" of the law applicable to defendant's conviction subsequent to defendant filing his first § 2255. *Reyes-Requena*, 243 F.3d at 903. The Eleventh Circuit is a recent deviation from the norm, and one instance of aberration does not make the provision unconstitutionally vague. *See e.g., Byers v. Warden, FCI Butner Medium II*, 5:16-HC-2172-FL, 2017 WL 3725187, at *4 (E.D.N.C. Aug. 29, 2017) (Though not directly addressed by the circuit, the courts had never found the savings clause vague, and one instance of difficulty did not meet *Johnson* standards.)

Though the Court acknowledges there is some disagreement between Circuit Courts about how to interpret the savings clause, the Court finds that it need not make a determination on the constitutional vagueness of the terms "ineffective or inadequate," because the petition can be determined on narrower statutory grounds. *See Bond v. United States*, 134 S.Ct. 2077, 2087 (2014); *Wood v. Georgia*, 450 U.S. 261, 265-66 (1981); *see also White v. United States Pipe & Foundry Co.*, 646 F.2d 203, 206-07 (5th Cir. 1981) (vacating and remanding District Court decision determining constitutional issue when case could have been resolved on statutory grounds).

An opinion by this Court on the vagueness issue would not change Petitioner's position. Petitioner has admitted that even under the broadest interpretation of the escape hatch—the novelty test adopted by the Ninth Circuit—his previous § 2255 petition was neither inadequate nor ineffective. He has not claimed actual innocence or retroactivity. And voiding the savings clause as unconstitutionally vague does not change this. Absent the escape hatch provision, Petitioner's only remedy is under the limitations on successive motions found in § 2255(h). To qualify, Petitioner is limited to filing a challenge to his sentence in the sentencing court, not in this Court. *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Furthermore, he may only file if there is (1) newly discovered evidence demonstrating actual innocence, or (2) a new, retroactive rule of constitutional law, previously unavailable. 28 U.S.C. § 2255(h). Petitioner cannot meet these requirements. Even if, *arguendo*, the Court found the escape hatch provision unconstitutional, this would serve to ensure that the Court had no jurisdiction over Petitioner's petition. This renders any decision by this Court merely advisory. No matter the stance, the Court cannot exercise jurisdiction over this matter.

Accordingly, IT IS ORDERED:

1. J.T. Shartle, Warden shall be substituted as Respondent for "Warden, USP Tucson" pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and Rule 43(c)(2) of the Federal Rules of Appellate Procedure;

2. Defendants' Motion to Dismiss (Doc. 9) is GRANTED. Petitioner's Petition

1. Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

3. Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th. Cir. 2001). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 22nd day of September, 2017.

_____
Honorable Cindy K. Jorgenson
United States District Judge